# STATE OF VERMONT

# ENVIRONMENTAL COURT

Secretary, Vermont
Agency of Natural
Resources, Plaintiff,

     }
     }
     }   Docket No. 279-12-02
     }
v.         }   Vtec
     }
     }

Thomas Doran,
Defendant.

## Decision and Order on Petition for Contempt

The Secretary of the Agency of Natural Resources is represented by Gary Kessler, Esq.; Defendant Thomas Doran represented himself. On May 7, 2004, the Court held an evidentiary hearing on the Agency's petition to hold Defendant in contempt for failure to carry out the terms of a judgment order issued by the Court by default, after Defendant failed to file an answer to the Secretary's complaint for enforcement of an Administrative Order that became final. After a hearing on the record held on May 7, 2004, the Court finds and concludes as follows.

Procedural History

In March of 2002, the Agency issued an Administrative Order regarding Mr. Doran's property at 1165 Creek Road in Castleton. The Administrative Order was personally served on him on April 2, 2002. Mr. Doran did not[1] request a hearing on that administrative order, and it became final. Because no hearing was requested and the Administrative Order became final, in the present case this Court does not have jurisdiction to review or to change the Administrative Order in any way.

The Administrative Order required Mr. Doran to do three things: to pay a penalty of $3,000; to immediately cease all unlawful burning and disposal of solid waste; and within 60 days to " remove all illegally disposed solid waste to a certified facility and provide receipts to the Agency . . . that demonstrate that the materials were properly disposed."

On December 2, 2002 the Agency served a summons and complaint on Mr. Doran, commencing the above-captioned case. This case is an enforcement action under 10 V.S.A. § 8014 for failing to comply with the final Administrative Order. The relief requested in this enforcement action was for Mr. Doran to remove all illegally disposed solid waste to a certified facility (and to provide receipts demonstrating that the materials were properly disposed), to pay the $3,000 penalty imposed by the Administrative Order, and " otherwise" to comply with the provisions of the Administrative Order and specified sections of the Vermont Air Pollution Control Regulations and Solid Waste Management Rules.

Mr. Doran did not file an answer, or otherwise appear in the enforcement action. The Agency of Natural Resources moved for a default judgment and the Court granted the Agency's motion for default judgment on March 14, 2003. The default judgment order was personally served on Mr. Doran in June 2003. In December of 2003, Mr. Doran informally requested that the Court set aside the default judgment order. The Court gave Mr. Doran time to file a memorandum in support of his request to set aside the default judgment, to explain why he had failed to file an answer to the complaint, and to file the answer. He did not do so, and his request to set aside the default judgment was therefore denied.

Therefore, the only matter now pending before the Court is the Agency's petition for contempt of that default judgment order.

Findings and Order

Mr. Doran owns and operates a roofing business at a location other than the property at issue in the present case. The property at issue in this case, at 1165 Creek Road in Castleton, now contains an existing garage and a large dumpster, into which Mr. Doran places construction and demolition debris from his roofing jobs. The dumpster is emptied periodically by a waste hauling company: Casella Waste Management. Behind the garage is a steep bank leading down to a lower elevation of land.

At the present time Mr. Doran continues to dump old slate shingles (removed during re-roofing jobs) on the ground at the site near the top of the bank; some of those shingles slide down the bank. Slate is quarried in the vicinity of Castleton, and Mr. Doran considers slate roofing shingles to be an indigenous rock material which is not illegal to dump on the ground. It is not clear whether Mr. Doran intends

simply to dispose of these old slate shingles on the site, or to stockpile them there for later reuse for historic preservation roofing work or for sale of the slate pieces for other purposes.

In 1993, Mr. Doran had dumped construction and demolition debris at the site, including brick, cinderblock, old slate shingles, and old asphalt. He had burned construction and demolition debris on the site. Some of the dumped material and remains of the burned material had been dumped or had slid over the bank.

In connection with the 1993 event, Mr. Doran cooperated with the ANR environmental enforcement officer who came to the site. Mr. Doran agreed to remove the burn barrel and to remove the burned and dumped material, and did so. The ANR environmental enforcement officer at that time had estimated that a 30-cubic-yard roll-off container would be sufficient for removal of the material. Mr. Doran removed that quantity of material in connection with the 1993 event. That amount of removal cleaned up the site to the satisfaction of the ANR environmental enforcement officer at that time, although some inert brick and block was left on the site and was not removed. In connection with the 1993 event, the ANR environmental enforcement officers were not concerned about the brick and block material that remained at the site.

Mr. Doran installed the 22-cubic-yard dumpster at that location in 1994; it has been used since that time for the disposal and removal of construction and demolition debris.

In December of 2001, an Environmental Enforcement Officer observed brick, mortar, slate and lumber material deposited on and over the steep bank.[2]

Mr. Doran may very well be eligible for Agency approval to allow the inert slate shingles and/or other masonry waste materials to remain in place on the site. This approval is called an > Insignificant Waste Management Event" approval and may be obtained by application to the ANR's Waste Management Division. Such an approval may require an inspection and some degree of work with an appropriately-sized backhoe to demonstrate what materials are in place on the site. If it is obtained, Mr. Doran may be approved not only to leave the inert materials on the property in conformance with the approval, but also to continue in the future his practice of placing old slate shingles on the property, either for disposal or stockpiling for reuse. However, without such approval he may not continue this practice, and under

the default judgment order must remove the materials already placed there. As explained above, this Court has no jurisdiction to review or change the terms of the original administrative order that became final.

Based on the findings, conclusions, and reasoning of this decision, pursuant to 12 V.S.A. § § 121-123; V.R.C.P. 76; and the Court's inherent power of contempt to enforce its orders under 10 V.S.A. Chapter 201, it is hereby ORDERED and ADJUDGED that Respondent is found in contempt of the default judgment order issued in the underlying enforcement action under 10 V.S.A. § 8014 to enforce the final administrative order, in two respects: (1) in that he has not paid the $3,000 penalty imposed by that order and has not shown a present inability to pay, and (2) in that he has not applied for an " Insignificant Waste Management Event" approval to leave the materials in place and to continue placing old slate roofing tiles in that location nor has he removed the waste materials from that location.

The Secretary requested that this Court impose an additional penalty of $500 to recognize the Agency's additional costs of enforcing this order. However, because this was a civil contempt action, rather than merely an amendment of or addition to the enforcement action, the Court is restricted to a coercive sanction only. Accordingly, it is hereby ORDERED and ADJUDGED that on or before August 6, 2004, Mr. Doran shall comply with the default judgment order by either applying for an " Insignificant Waste Management Event" approval to leave the materials in place on the property or by removing the waste materials; and that on or before September 7, 2004, Mr. Doran shall comply with the default judgment order by paying the $3,000 penalty imposed by that order. Failure to comply with the deadlines imposed by this order will result in a coercive sanction of $25 per day for each day of noncompliance. The parties may agree to an alternate payment schedule, to an alternate payment amount, and to alternate deadlines, but should submit any such agreed changes to this order as a stipulation to amend this order, signed by both parties.

Any party wishing a separate V.R.C.P. 58 judgment order may propose one for the Court's signature so that it is received by the Court on or before July 14, 2004.


Done at Barre, Vermont, this 6th day of July, 2004.

_____

Merideth Wright

Environmental Judge

---

## Footnotes

1.    If Mr. Doran had requested a hearing as explained in that Administrative Order, that Administrative Order would have come before the Court, and the Court could have taken evidence on whether any of the material over the bank was illegally disposed or not, and on whether $3,000 or some other lesser amount (or no penalty at all) would have been a fair penalty amount.

2.    During the hearing, this witness, Mr. Urich, referred the Court to his "report;" however, although some of his photographs were admitted into evidence from that visit, no report was offered or admitted.